UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| BANKFIRST, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-643 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| CARPENTER LAKE DEVELOPMENT, INC., et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |

This is a diversity case in which plaintiff sought to foreclose on several parcels of commercial real estate and to recover a deficiency judgment. On July 18, 2008, defendants Carpenter Lake Development, Inc., Carpenter Ridge, Inc., Double JJ Resort Ranch, Inc., American Appaloosas, Inc., and Outdoor Resources, Inc. (the corporate defendants) filed for relief under Chapter 11 of the Bankruptcy Code. In the three years that have intervened, the claims for foreclosure and other relief against the corporate defendants have been resolved by the chapter 11 plan administered in Bankruptcy Court. On July 17, 2009, the plaintiff bank was closed by state banking regulators, and the Federal Deposit Insurance Company was named receiver. In light of this, Chief Judge Maloney entered an order on July 7, 2011, directing the filing of an appearance of counsel for the receiver or other entity succeeding to the interest of plaintiff Bankfirst in this action. (Order, docket # 69). No such appearance of counsel has been filed, and the time for doing so has expired.

At the Chief Judge's direction, I conducted a telephone status conference with the attorneys of record.  At the status conference, the parties agreed that an appropriate disposition of the present action is as follows:

(a) Because all claims against the corporate defendants have now been resolved in the Bankruptcy Court, this court should dismiss the claims against them for lack of jurisdiction.

(b) The claims against the remaining defendants (Robert Lipsitz and Walter Wojack) should be dismissed without prejudice, as ample time remains under the statute of limitations for the receiver, or other party who has succeeded to the claims against the individual defendants, to initiate a new action, if so desired.  The disposition agreed to by counsel appears appropriate and not prejudicial to any party, especially in light of the two-year period of inaction by the FDIC or other holder of the claims against the individual defendants to take action against them.

**Recommended Disposition**

For the foregoing reasons, I recommend that a final judgment be entered (a) dismissing the claims against defendants Carpenter Lake Development, Inc., Carpenter Ridge, Inc., Double JJ Resort Ranch, Inc., American Appaloosas, Inc., and Outdoor Resources, Inc. for lack of jurisdiction and (b) dismissing all claims against defendants Robert Lipsitz and Walter Wojack without prejudice.


Dated:  September 7, 2011         /s/  Joseph G. Scoville
                                  United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).